THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

In Re: **Jason C. Preston and Sheila R. Preston,** Debtors         Case No. 11-
                                                                  Chapter 13

The Debtors propose the following Chapter 13 Plan and make the following declarations:

**FAILURE TO OBJECT TO THE CONFIRMATION OF
THIS PLAN WILL CONSTITUTE CONSENT TO THE
TREATMENT OF CLAIMS AS SET FORTH HEREIN.**

**I.      PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE
        SUPERVISION AND CONTROL OF THE TRUSTEE.**

The Debtors submit the following to the supervision and control of the Trustee:

The Debtors propose to pay **$244.27 monthly for sixty (60) months.**  The total amount
to be paid into the Plan is **$14,656.20,** which **DOES** constitute all of the disposable
income of the Debtors during the period of the Plan.

**II.     TREATMENT OF CLAIMS.**

Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to
priority under 11 U.S.C. § 507, including:

**A.      Trustee's fee** as determined by variable interest rate.  This percentage shall be
        applied against all sum disbursed, except any funds returned to the Debtors.

**B.      Debtors' Attorney - $2,000.00** balance due of total fee of **$3,000.00.**  This shall
        be paid in the following manner:  Upon confirmation, all funds received by the
        Trustee shall be paid first to adequate protection payments as outlined below,
        second to the Trustee fees and the balance to the Debtors' attorney.  After
        confirmation, attorney fees will receive the balance after Trustee fees and
        adequate protection payments are made.  Minimum regular monthly payments
        are made to the secured creditors after attorney fees are paid in full.

**C.      Priority Creditors under 11 U.S.C. § 1322(2).**  The following priority creditors
        will be fully paid by deferred cash payments, unless the holder of such a claim
        agrees to be treated differently:      **NONE**

**D.      Creditors with Claims Secured by Real Estate.**  Creditors whose claims are
        secured by real estate, which is to be retained by the Debtors shall retain their
        liens and be paid as indicated below.  Insurance will be maintained on such
        collateral at the Debtors' expense, in accordance with the terms of the contract
        and deed of trust creating the lien thereon.   **NONE.**

1. **Claims Secured Only by Interest in Debtors' Principal Residence.**

Creditors named below are secured only by a security interest in real estate, which is the Debtors' principal residence.  Creditors whose claims are allowed will have any delinquency accrued or default, which occurred before the filing of the petition commencing this case cured through the Plan.  All obligations of the Debtors under the contract and deed of trust (except as pertains to the curing of the below described arrearages) will be performed by the Debtors in accordance with the terms of such contract and deed of trust encumbering the property.        **NONE.**

**Creditor:**
**Principal Balance Due:**
**Description of Security:**
**Pre-Petition Delinquency:**

2. **Other Claims Secured by Real Property.      NONE**

E.   **Claims Secured by Personal Property.**

1. **Claims to be Paid Directly by Debtor:**

| | |
|---|---|
| **Creditor:** | Ally |
| **Balance Due:** | $19,807.00 |
| **Collateral:** | 2010 Chevrolet Silverado Pickup |
| **Fair Market Value:** | $16,000.00 |
| **Pre-Petition Delinquency:** | $0.00 |

| | |
|---|---|
| **Creditor:** | American Honda Finance Corp. |
| **Balance Due:** | $24,114.00 |
| **Collateral:** | 2010 Honda CRV |
| **Fair Market Value:** | $21,000.00 |
| **Pre-Petition Delinquency:** | $0.00 |

2. **Claims to be Paid the Value of the Collateral.**

The allowed secured claims set forth below shall be paid in full the value of the collateral.  The balance of the claim shall be treated as unsecured.  Each creditor shall retain its lien.  The creditors are the owners of the property serving as collateral for payment of the secured claims.  The Debtors are aware of the condition of the collateral and know its value.  On the Plan filing date the property has the value set forth below.  The value is based upon disposition of said property in a commercially reasonable manner:

|  |  |
|---|---|
| **Creditor:** | HSBC Retail Services |
| **Balance Due:** | $5,860.00 |
| **Collateral:** | 2006 Yamaha VX 110 Wave Runner |
| **Fair Market Value:** | $1,500.00 |

The value to be amortized by monthly payments through the Trustee at a rate of 6% per annum.

|  |  |
|---|---|
| **Creditor:** | HSBC Retail Services |
| **Balance Due:** | $4,907.00 |
| **Collateral:** | T.V. and Surround Around System |
| **Fair Market Value:** | $1,200.00 |

The value to be amortized by monthly payments through the Trustee at a rate of 6% per annum.

**3.      Creditors Secured by Property, which will be Surrendered by the Debtors.      NONE**

**F.      Unsecured Creditors Not Entitled to Priority.**

Unsecured creditors with claims not entitled to priority under the Bankruptcy Code will receive in deferred cash payments from the Trustee at least **15%** of their allowed claims, without interest.  If this estate were liquidated under Chapter 7, such creditors would receive a dividend of approximately **0%** of their allowed claims.

**G.      Other Provisions.**

**1.      Executory Contracts.      NONE.**

DATED:      May 27, 2010

/s/Jason C. Preston
Jason C. Preston


/s/Sheila R. Preston
Sheila R. Preston